

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-23,602-04 AND WR-23,602-05

## EX PARTE WILLIE CURTIS MAYFIELD, Applicant

## ON APPLICATION FOR WRITS OF HABEAS CORPUS CAUSE NOS. 12348A AND 12349A IN THE 29TH DISTRICT COURT FROM PALO PINTO COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of capital murder and sentenced to life imprisonment for each charge. The Eleventh Court of Appeals affirmed his convictions. *Mayfield v. State*, 188 S.W.3d 316 (Tex. App. — Eastland 2006, pet. ref'd).

Applicant contends, among other things,[1] that he has newly-discovered or newly-available evidence of actual innocence. Specifically, Applicant has submitted an affidavit from Gerald Taylor,

---

[1] This Court has reviewed Applicant's other claims and finds them to be without merit.

a witness who testified for the State at trial. In the affidavit, Taylor states that his testimony at Applicant's trial was false, and that he testified only because the State offered to reduce his own charges in exchange for his testimony against Applicant.

The affidavit of Gerald Taylor appears to have been signed in February of 2014, but notarized and witnessed on November 20th of 2013, some months before it was signed. The trial court finds that the affidavit is not credible, and that Applicant's actual innocence claim has been waived by his submission of false evidence. However, there is nothing in the record to indicate that the inconsistent dates on the affidavit are more than a typographical error, or to support the trial court's finding that Applicant submitted false evidence.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall conduct fact-finding proceedings to determine whether or not the affidavit of Gerald Taylor is authentic. This may be done by obtaining affidavits from affiant Gerald Taylor, notary Pamela Boyd and witness Brenda Vickers stating whether or not they swore, notarized and witnessed respectively the affidavit submitted by Applicant, or by conducting a live evidentiary hearing.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the affidavit of Gerald Taylor is authentic, and if so, whether it constitutes newly-discovered or newly-available evidence of Applicant's innocence. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 18, 2017
Do not publish